THE WILLIAM GRACE COMPANY

*v.*

CHRISTINA LARSON, Admx.

*Opinion filed April 18, 1907.*

1. MASTER AND SERVANT—*what proof is not sufficient to author-ize a recovery.* In an action against the master for damages for negligently causing the death of the plaintiff's intestate, proof that the deceased, while in the defendant's employ, was laying concrete slabs on a roof, and that while he was in the exercise of due care for his safety the slab broke under his weight and fell, causing his death, is not, of itself, sufficient to authorize a recovery.

2. TRIAL—*when a case against master is properly submitted to the jury.* An action for damages for the negligent killing of de-fendant's servant is properly left to the jury, where there is evidence which, standing alone, fairly tends to show that the servant was using due care for his safety in laying concrete slabs on a roof, that the slab broke and fell under his weight, causing his death, and that the weakness of the slab was due to defendant's negli-gence in sending it up to the servant before it had hardened enough to be fit for use.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

JAMES M. SHEEAN, F. J. CANTY, and J. C. M. CLOW, for appellant.

CHARLES R. WHITMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the First District affirmed the judgment recovered by appellee, as administratrix of the estate of Elias Larson, deceased, in the superior court of Cook county, against appellant, for damages resulting from the death of said Elias Larson, alleged to have been due to

the negligence of appellant, and thereupon this appeal was prosecuted.

At the time of the accident which resulted in the death of Elias Larson, he and two others were working for the defendant laying concrete slabs on the roof of the train-shed of the Rock Island station, in Chicago. In laying the slabs it was necessary to lie down on them to put in bolts, and while Larson was lying on one of the slabs and reaching under it to put a bolt up through it, preparatory to attaching the slab to a support, the slab broke and he fell with it seventy-five or eighty feet and was killed.

The declaration contained two counts. The first charged that the defendant negligently manufactured the slab so imperfectly and of such insufficient strength that it would not sustain the bodies of the servants of the defendant, but upon the trial the court instructed the jury that the plaintiff had failed to make out any case under that count. The second count charged that defendant negligently furnished the slab of such imperfect construction and insufficient strength that it would not sustain the bodies of said servants. The court refused to give a peremptory instruction finding the defendant not guilty and submitted the case to the jury on that count. The refusal to give the instruction is assigned as error.

The evidence showed that Larson was in the exercise of proper care and the slab broke under his weight and fell, causing his death. But it would not have been sufficient to authorize a recovery to merely prove his care and the happening of the accident. It was necessary to make further proof that the defect in the slab, or its insufficient strength, was due to negligence of the defendant, and it is contended that there was no evidence fairly tending to prove that the accident resulted from a cause for which the defendant was responsible. The roof was in the form of a dome, and the framework consisted of steel I-beams running parallel with each other up and down. Upon the steel framework and

between the beams concrete slabs were laid to form the roof. Where not affected by windows the slabs were five feet long, two feet wide and two and three-fourths inches thick; but there were triangular-shaped dormer windows in the curve of the roof, and around them the shape and size varied. The slabs were made on the premises, of a mixture of sand, cement and cinders, with a sheet of expanded metal imbedded in the slab. When first made the slabs were soft and like mud, but with proper allowance of time and drying became very hard and would sustain great weight. When slabs were made they were marked with the date while soft. The evidence tending to support the charge of negligence in the declaration was, that on the day before the accident Larson and the two men working with him were taken away from the work around a dormer window because there were no slabs on that day ready for that use; that on the morning of the accident they were set to work again at the window, and first laid a triangular slab No. 1, and then a slab No. 2 wider at the top than at the bottom, and then the slab in question which broke; that one of the men thought the slabs which came up that morning were a little green,—not soft to the touch, but different in color and a little heavier than others had been; that the slab did not appear as hard as others, and he asked the foreman whether it was not a little bit green, and the foreman said it would do, and to be careful with them but put them on; that the expanded metal imbedded in the slab did not add to its strength, and that after the accident the slab was broken up, so that the best evidence of the length of time that it had been allowed to set and harden had been destroyed. There was evidence on the part of the defendant tending to prove due care on its part and also that the slab was about ten days old when used, but that evidence could not be considered on the motion for the peremptory instruction. The evidence for the plaintiff, standing alone, tended to prove that the insufficiency of the slab was due to its being sent

up to the men and used without giving it the time reasonably necessary to harden and become fit for use. The court did not err in submitting the issue to the jury.

The only other ruling complained of is the admission of the testimony of an expert in rebuttal. The defendant introduced evidence of an expert witness of large experience as to the proper method of making slabs, the necessary time required for a slab to set and harden and the carrying capacity of slabs like the one in question, and the testimony objected to related to that subject. We do not think the court erred in admitting the evidence in rebuttal. Some answers may have been objectionable, but the first count, to which they related, was withdrawn from the jury by the court, so that there could have been no harm from them to the defendant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*